## WHEATON *vs.* CRANE.

1. Where, under a submission to arbitration, a third arbitrator is called in by them, who hears simply the statements of the other two, in the absence of the parties, and without any notice to one of them, their award made under such circumstances will not be sustained, as against the party who received no notice.

2. Such party was held not to be barred from relief against the award, on the ground of acquiescence, by the fact that after the award had been delivered to him he continued for two weeks to settle the business of the late firm, and made up a statement in accordance with the award, and delivered it to his late partner, the other party to the award; it appearing that he was dissatisfied with and complained of it, and that the only reason why he did not take steps to set it aside was that he supposed the award was conclusive against him, and could not be litigated.

Bill for relief. On final hearing on pleadings and proofs.

*Mr. G. W. Hubbell,* for complainant.

*Mr. Joseph Coult,* for defendant.

THE CHANCELLOR.

On the 9th of September, 1872, the parties to this suit entered into co-partnership with Walter Crane for a term of five years. By a subsequent agreement, the term was limited

Wheaton *v.* Crane.

to the 1st day of January, 1875. Walter Crane withdrew on the 31st day of July, 1874, and the business was continued by the complainant and defendant on their own account until the 1st of January, 1875, when the co-partnership was dissolved, pursuant to the limitation in the articles. Being unable to agree on the terms of settlement, the partners submitted the matter to the award and determination of two arbitrators, Messrs. Plume and Barnet, who, in case of inability to agree, were to appoint a third, and the award of the three, or of any two of them, was to be final and conclusive. Messrs. Plume and Barnet could not agree, and at about five o'clock on the afternoon of the day fixed by the submission as the limit of the period within which the award was to be delivered, they appointed a third arbitrator, Mr. Farmer, and thereupon, after he had been sworn, proceeded with the arbitration in a continuous session, until the award was made, which was at about ten o'clock of that night. Mr. Farmer says he was called in great haste, and heard simply the statements of the other arbitrators in the absence of the parties, and without any notice to the complainant. An award made under such circumstances cannot be sustained. *Thomas* v. *West Jersey R. R. Co.*, 8 *C. E. Green* 431 ; *S. C.*, 9 *C. E. Green* 567. The defendant insists, however, that although the complainant himself had no notice, his counsel had. The complainant employed a lawyer, Mr. A. S. Hubbell, to draw the submission, but it does not appear that he had any counsel in the arbitration. He and the defendant appeared before Messrs. Plume and Barnet, and made their statements without the aid or presence of counsel. After the award had been made, the complainant employed Mr. G. W. Hubbell, son of Mr. A. S. Hubbell, and occupying the same offices with the latter, as his counsel in the matter. The defendant insists that both these gentlemen had notice of the appointment of the third arbitrator. It appears that Mr. Farmer was sworn before Mr. G. W. Hubbell, and that Mr. A. S. Hubbell was present. They, undoubtedly, were apprised of the appointment. Mr. Farmer testifies that the arbitrators met at the

banking-house of the Manufacturers' National Bank in New-
ark; that he does not think that anything was said in the
Messrs. Hubbell's office about their meeting at the bank, and
that he does not know that they knew that he was going back
to the bank; but he says he thinks it was stated that the
meeting was to be on that day, and his impression is that it
was said that the arbitrators were going back to finish the
award. He further says that he did not, to his recollection,
announce in that office that he intended to go on and make
the award without notifying the complainant, and that he is
not aware that any question was raised, while he was in the
office, as to whether it was his duty to notify the parties to
the arbitration that they were going on to make the award.
This is all the evidence on the subject. It is quite clear that
this testimony does not show notice to the complainant.
Messrs. Plume and Barnet both say that the parties had no
counsel in the arbitration, and it appears from the evidence
that Mr. A. S. Hubbell could not have regarded himself as
the counsel of the complainant, and he, therefore, could not
have considered himself chargeable with any duty from his
knowledge of the fact that a third arbitrator had been ap-
pointed, and that a meeting was about to be held. Mr. G.
W. Hubbell had not then been consulted by the complainant
on the subject of the arbitration. The complainant must be
held to have had no notice.

But the defendant further insists that the complainant
has lost all claim to relief by his acquiescence in the
award. The award was delivered to him, and by it, he
was made aware of the fact that Messrs. Plume and Barnet
had failed to agree, and that Mr. Farmer had been ap-
pointed, and that the award was the award of Messrs. Plume
and Farmer alone. He was appointed by the award to settle
up the affairs of the concern. He had, from the time of the
dissolution, had charge of the settlement of the business.
After the award he continued, for from ten days to two weeks,
to settle the business, and he made up a statement in accord-
ance with the award and delivered it to the defendant. This
action, it is insisted, is evidence of acquiescence, and bars his

·claim to relief. But it is evident, from his testimony, that the only reason why he did not take immediate steps to set aside the award, was that he was under the erroneous impression that it was conclusive against him, and could not be litigated. He was not only dissatisfied with it, but complained of it, and actually convinced one of the arbitrators, by whom it was signed, that it was wrong, and that it made an erroneous and unjust division of the assets of the firm. Besides, after the submission and before the award, the defendant had, without the complainant's consent, collected about $1000 of the money due the firm, which he refused to return, which action on his part was regarded by the complainant as a violation of good faith, in view of the submission, and a fraud on the arbitration. The complainant's action in proceeding with the settlement after the award, and his delaying for about two weeks to take steps to set. aside the award, will not, under the circumstances, bar him from his claim to relief. His seeming acquiescence was due to his mistake or ignorance as to his rights in the premises, and no action or omission of his, after the award, changed or affected the situation of the parties so as to induce the court to deny the relief which it would otherwise have accorded. In *Morgan* v. *Pindar*, 3 *Rep. in Chan.* 76, it was held that the fact that, after an award, mutual releases had passed, would not preclude an inquiry into its validity. The award will be set aside and an account between the parties decreed, and a receiver of the partnership assets will be appointed.